UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BRENT MANCUSO                                    CIVIL ACTION

VERSUS                                           NO. 05-2441

D.R.D. TOWING COMPANY, L.L.C.                    SECTION "J" (4)
AND STACEY B, L.L.C.

**ORDER AND REASONS**

Before the Court is Defendants' Motion to Strike Plaintiff's Claim for Punitive Damages Pursuant to F.R.C.P. 12(f) or Alternatively, Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6) or Alternatively, Motion for Summary Judgment.[1] The motion is opposed.[2] After considering the motion, opposition and applicable law, the Court finds that Defendants' motion should be GRANTED.

**BACKGROUND**

On June 16, 2005, Brent Mancuso ("Plaintiff") filed a Complaint, which alleges that he sustained injures while working

---

[1] Rec. Doc. 7.

[2] Rec. Doc. 10.

1

as a deckhand on the M/V Stacey B on or about August 30, 2004.[3] In Paragraph 26 of his Complaint, Plaintiff asserts that "As a result of defendants' arbitrary or capricious failure to pay maintenance and cure, plaintiff is entitled to punitive damages."[4]  Defendants filed the present motion asserting that the law does not allow recovery of punitive damages in this instance and request that the Court dismiss Plaintiff's claims for punitive damages.

## DISCUSSION

According to controlling Fifth Circuit jurisprudence, "the failure to pay maintenance and cure cannot provide a punitive recovery, even if willfulness is demonstrated."[5]  In *Guevara v. Maritime Oversease Corp.*, the Fifth Circuit explained that if a factual situation is covered by a federal statute, such as the Jones Act, and the statute defines and limits recovery of damages, then the statute also delimits recovery of damages under a general maritime law claim.  The court explained that "the willful refusal to pay maintenance and cure is not a cause of action separate from the negligent failure to pay maintenance and

---

[3] Rec. Doc. 1.

[4] Rec. Doc. 1.

[5] Guevara v. Maritime Oversease Corp., 59 F.3d 1496, 1512 (5th Cir. 1995).

cure."[6]  "[T]he denial of maintenance and cure benefits gives rise to only one cause of action - failure to pay maintenance and cure - and this one action is cognizable under both the Jones Act and the general maritime law."[7]  Notably, since the Fifth Circuit's decision in *Guevara*, the appellate court and district courts within the circuit have affirmed and applied the principles enunciated in *Guevara*.[8]

Plaintiff asserts that the facts in *Guevara* are distinguishable from the facts in this case and, therefore, the *Guevara* decision does not control.  Although the facts causing the alleged injury to Plaintiff in this case may differ from the

---

[6] *Id*. at 1512.

[7] *Id*. at 1512.

[8] *See* Scarborough v. Clemco Industries, 391 F.3d 660, 668 (5th Cir. 2004)(holding that a plaintiff could not recover punitive damages against a non-employer third party in a wrongful death suit); Galveston County Nav. Dist. No. 1 v. Hopson Towing Co., 92 F.3d 353, 358 (5th Cir. 1996)(recognizing *Guevara*'s holding that "punitive damages are no longer available in cases of willful nonpayment of maintenance and cure under the general maritime law"); Halstead v. Aquatica, No. 03-1812, 03-1291, 2003 WL 21667169, at *1 (E.D. La. July 11, 2003)(explaining that "[b]ecause Fifth Circuit case law clearly holds that a seaman may not recover punitive damages on a claim for maintenance and cure, plaintiff can prove no set of facts that would entitled him to relief"); Frazier v. Callais & Sons, No. 99-791, 1999 WL 717666 (E.D.La. Sept. 13, 1999); Hayden v. Acadian Gas Pipeline Syst., No. 96-3612, 1997 WL 382059, at *3 (E.D.La. July 9, 1997)(finding that "the only damages recoverable under general maritime law are pecuniary losses.  As punitive damages are not pecuniary losses, they are not recoverable ... under the general maritime law.).

facts present in *Guevara*, the types of claims asserted – a negligence claim under the Jones Act and an unseaworthiness claim under the general maritime law – are identical.  Therefore, the court finds that the law as enunciated by the Fifth Circuit in *Guevara* applies to this case, and Defendants' motion to strike Plaintiff's claim for punitive damages should be GRANTED. Accordingly,

**IT IS ORDERED** that Defendants' Motion to Strike Plaintiff's Claim for Punitive Damages Pursuant to F.R.C.P. 12(f) or Alternatively, Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6) or Alternatively, Motion for Summary Judgment[9] should be and hereby is **GRANTED** and Plaintiff's claim for punitive damages is **DISMISSED**.

New Orleans, Louisiana this the 20th day of July, 2005.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

---

[9] Rec. Doc. 7.