UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRENT MANCUSO** | **CIVIL ACTION** |
| **VERSUS** | **NO:    05-2441** |
| **D.R.D. TOWING COMPANY, L.L.C., ET AL** | **SECTION: "J" (4)** |

## ORDER

Before the Court is a **Motion to Compel Vessel Inspection and Local Rule 37.1E Certificate (doc. #27)** filed by the plaintiff, Brent Mancuso, seeking an order from this Court compelling defendants D.R.D. Towing Company, L.L.C., and Stacey B., L.L.C. (collectively "DRD") to permit Mancuso, his attorneys, and his experts to inspect the M/V Stacey B. DRD filed an opposition memorandum. The Court held an oral hearing on this motion on January 4, 2006.

### I.    Background

Mancuso was a crew member of the M/V Stacey B and alleges that on August 30, 2004 he was injured while working aboard the vessel. Mancuso seeks maintenance and cure, and attorney fees and costs. Mancuso alleges that D.R.D. Towing or, alternatively, Stacey B. L.L.C. is the owner and operator of the M/V Stacey B and is therefore liable.

### II.    Motion to Compel Vessel Inspection

On July 14, 2005, Mancuso served on DRD a request for inspection of the M/V Stacey B pursuant to Federal Rule of Civil Procedure 34. Mancuso alleges that DRD will not permit him to

inspect the vessel unless he inspects the vessel in the immediate presence of DRD's expert and counsel.  Mancuso alleges that such a condition will allow the defense team to "look over the shoulder of the plaintiff's expert and counsel while they perform their inspection, discuss what exists on the vessel, what is significant and what their thoughts and mental impressions are while performing the inspection" thus invading the province of the attorney work-product privilege.

Mancuso further alleges that, in an attempt to reach a compromise, he offered that while his counsel and experts inspected the bow of the vessel, DRD's counsel and experts could wait in the stern of the vessel.  Mancuso alleges that DRD rejected the offer.  Mancuso asks that this Court grant his motion and order that the inspection should take place with DRD's counsel and experts waiting in the stern of the vessel.

DRD alleges that it will allow the inspection but Mancuso must provide defense counsel with a curriculum vitae of all experts attending the deposition and when Mancuso's counsel and expert determine something needs to be photographed or measured, then DRD wants its own experts to measure and photograph the same equipment or portion of the vessel.  DRD alleges this will help narrow the issues and save time and money.

DRD further alleges that Mancuso himself should not be allowed on the boat, and if he is allowed, then he must be supervised at all times by DRD because Mancuso slipped and fell once before.  Finally, DRD alleges that "[t]here is no good reason why plaintiff, his experts, or his lawyer should be allowed aboard the M/V Stacey B without being under observation by the representatives of DRD."

At the hearing, counsel for both parties notified the Court that they resolved the issue of whether Mancuso would board the boat for the inspection and when Mancuso would provide the

curriculum vitae of the experts to DRD. Thus, these issues are moot. However, they had not yet resolved the issue of whether DRD could shadow Mancuso's counsel and experts throughout the boat.

### III. Discovery Standards

The Federal Rules of Civil Procedure govern discovery in all civil actions. The Rules are accorded a broad and liberal treatment to affect their purpose of adequately informing litigants in civil trials. *Herbert v. Lando*, 441 U.S. 153, 176 (1979). Federal Rule 34 "permit[s] entry upon designated land or other property in the possession or control of the party upon whom the request is served for the purpose of inspection and measuring, surveying, photographing, testing, or sampling the property or any designated object or operation thereon, within the scope of Rule 26(b)." FED. R. CIV. P. 34(a)(2).

Rule 26(b)(1) provides that "parties may obtain discovery regarding any matter, not privileged that is relevant to the claim or defense of any party . . . ." In its discretion, the Court may limit discovery if it determines "that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source . . . ; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit." FED. R. CIV. P. 26(b)(2).

Rule 26(b)(3) regulates the scope of allowable discovery of attorney work product and instructs that the Court "shall protect against disclosure of the mental impressions, conclusion, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." FED. R. CIV. P. 26(b)(3); *see also Upjohn v. United States*, 449 U.S. 383, 398 (1981) (noting that the "'strong public policy' underlying the work-product doctrine . . . has been substantially incorporated

3

in Federal Rule of Civil Procedure 26(b)(3)).

The Supreme Court has noted in discussing the work-product privilege that "it is essential that a lawyer work with a certain degree of privacy" and that if discovery of certain work-product was allowed, "much of what is now put down in writing would remain unwritten. An attorney's thoughts, heretofore inviolate, would not be his own . . . [t]he effect on the legal profession would be demoralizing. And the interest of the clients and the cause of justice would be poorly served." *Upjohn*, 449 U.S. at 398-399 (*citing Hickman v. Taylor*, 329 U.S. 495, 511 (1947). Further, courts have noted that the "work-product rule accords special protection to work product revealing the attorney's mental processes." *Herwig v. Marine Shale Processors, Inc*., No. CIV.A.92-2753, 1994 WL 10156 (E.D. La. Jan. 11, 1994).

**IV.    Analysis**

If one counsel shadows opposing counsel and his expert while they inspect an accident scene could the observation could reveal the "mental impressions, conclusion, opinions, or legal theories" that Rule 26(b)(3) requires this Court to protect from disclosure. Thus, the conditions set by DRD could infringe on the attorney work product rule. Indeed, in their brief and at the hearing, DRD could not cite to any case allowing an expert for the defense to shadow an expert for the plaintiff while the plaintiff's expert conducts an inspection pursuant to Rule 34.

As another court concluded, Rule 34 "does *not* . . . authorize Defendants's experts to observe Plaintiffs' experts as they do their work . . . ." *Teer v. Law Eng'g and Envtl. Serv.'s, Inc.*, 176 F.R.D. 206, 207 (E.D. N.C. 1997) (emphasis in the original). As the *Teer* Court further stated "[t]he things they seek to observe may well be protected from discovery by the attorney work product rule." *Id.* This Court agrees with the *Teer* Court and concludes that the conditions set by DRD are

both unsupported by law and could infringe on the attorney work product rule.

The Court orders that when Mancuso's experts and counsel are examining the bow of the vessel, DRD's experts and counsel remain on the stern. The parties agreed at the hearing that during all parties could be present during the inspection of the wheelhouse.

Accordingly,

**IT IS ORDERED** that the plaintiff, Brent Mancuso's **Motion to Compel Vessel Inspection and Local Rule 37.1E Certificate (doc. #27)** is **GRANTED IN PART and DENIED IN PART AS MOOT.**

New Orleans, Louisiana, this 10th day of March 2006

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**