

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

BRENT MANCUSO

**CIVIL ACTION**

VERSUS

NO:    05-2441

D.R.D. TOWING COMPANY, L.L.C., ET AL

SECTION: "J" (4)

## ORDER

Before the Court is a **Motion for Court Ordered Depositions of Mr. Russell E. Smith, Jr.,**
**Ms. Christen Arnold and Agustin Gutierrez, M.A., L.P.C. (doc # 73)** filed by the plaintiff Brett
Mancuso seeking an order from this Court directing Smith, Arnold, and Gutierrez to give depositions.
The defendant, D.R.D. Towing, L.L.C., and Stacey B, L.L.C. (collectively "DRD") filed a response
memorandum.

I.   **Background**

Mancuso was a crew member of the M/V Stacey B and alleges that on August 30, 2004 he was
injured while working aboard the vessel.  Mancuso seeks maintenance and cure, and attorney fees and
costs.  Mancuso alleges that D.R.D. Towing or, alternatively, Stacey B. L.L.C. is the owner and
operator of the M/V Stacey B and is therefore liable.

On December 9, 2005, Mancuso scheduled the depositions of  Smith, Arnold, and Gutierrez
for February 1, 2006.  Smith, Arnold, and Guitierrez were apparently involved with treating Mancuso
during his participation in a federally funded drug rehabilitation program in Montgomery County,

Texas. On January 27, 2006, DRD issued a subpoena duces tecum for the production of their files

pertaining to Brent Mancuso at the February 1 deposition. The depositions and subpoena duces tecum

sought information concerning Mancuso's participation in the drug rehabilitation program.

On January 31, 2006, the Assistant County Attorney for Montgomery County indicated that

it would not allow the depositions and production of documents to go forward without a court order

because the Montgomery County Drug Court received federal funds and therefore was subject to the

confidentiality requirements of 42 U.S.C. § 290dd-2.

On February 3, 2006, Mancuso filed an Unopposed Motion and Order for Court Ordered

Depositions seeking an order from this Court compelling Smith, Arnold, and Gutierrez to give

depositions and respond to a subpoena duces tecum. This Court denied the motion on February 8,

2006 because he failed to show the good cause required by 42 U.S.C. § 290dd-2.

## II.    The Motion For Court Ordered Depositions

Mancuso then filed this motion on February 21, 2006 alleging he provided the required written

consent required by the statute for disclosure, and that he additionally provided good cause for the

disclosure.

DRD filed a motion in response to Mancuso's motion agreeing that good cause exists for the

depositions provided that this Court orders Dr. Walter Quijano to submit to a deposition. Dr. Quijano

is Mancuso's clinical psychologist who provided certain medical records in support of Mancuso's

motion. The Court notes that at the hearing on this matter, counsel for Mancuso agreed to produce Dr.

Quijano for deposition. The Court also notes that Dr. Quijano is not the subject of any pending

motion before the Court and the Federal Rules do not contemplate that depositions are to be held

hostage by requiring quid pro quo responses when setting depositions.

DRD opposes the motion to the extent that Mancuso seeks to introduce testimony supporting

2

the proposition that because he "passed 185 drug tests between June of 2003 and June of 2004 . . . he

was drug free when he boarded the vessel" on the day of the accident. (Def. Mem. at 2).

**III.    42 U.S.C. § 290dd-2**

      Title 42 U.S.C. § 290dd-2 provides that:

> [r]ecords of the identity, diagnosis, prognosis, or treatment of any patient which are
> maintained in connection with the performance of any program or activity relating to
> substance abuse education, prevention, training, treatment, rehabilitation, or research,
> which is conducted, regulated, or directly or indirectly assisted by any department or
> agency of the United States shall, except as provided in subsection (e) of this section,
> be confidential and be disclosed only for the purposes and under the circumstances
> expressly authorized under subsection (b) of this section.

While the exceptions provided in subsection (e) are not applicable to this case, subsection (b) provides

that:

> any record referred to in subsection (a) of this section may be disclosed in accordance with the
> prior written consent of the patient with respect to whom such record is maintained, but only
> to such extent, under such circumstances, and for such purposes as may be allowed under
> regulations prescribed pursuant to subsection (g) of this section.

Additionally, the statute also permits disclosure if

> authorized by an appropriate order of a court of competent jurisdiction granted after
> application showing good cause therefor, including the need to avert a substantial risk
> of death or serious bodily harm. In assessing good cause the court shall weigh the
> public interest and the need for disclosure against the injury to the patient, to the
> physician-patient relationship, and to the treatment services.[1]

      Thus, a patient can authorize disclosure under the applicable regulations promulgated under

subsection (g) and in the absence of authorization, the Court can authorize disclosure upon a showing

of good cause.

      **A.    The Regulations**

      42 C.F.R. § 2.33 provides that "[i]f a patient consents to a disclosure of his or her records under

---

[1]The Court notes that other exceptions exist that are not applicable to this case.

§ 2.31, a program may disclose those records in accordance with that consent to any individual or organization named in the consent . . . ." Section 2.31 provides the elements necessary for a valid consent form. *See* 42 C.F.R. § 2.31.

Alternatively, the Court can authorize disclosure. As 42 C.F.R. § 2.61 makes clear

> an order of a court of competent jurisdiction entered under this subpart is a unique kind of court order.  Its only purpose is to authorize a disclosure or use of patient information which would otherwise be prohibited by 42 U.S.C. 290ee-3, 42 U.S.C. 290dd-3 and these regulations. *Such an order does not compel disclosure.*  A subpoena or a similar legal mandate must be issued in order to compel disclosure. (emphasis added).

Section 2.64(d) provides the criteria for entry of such an order, namely, that the movant provide good cause.  The regulation provides that in making the determination of whether good cause exists, "the court must find that (1) other ways of obtaining the information are not available or would not be effective; and (2) the public interest and need for the disclosure outweigh the potential injury to the patient, the physician-patient relationship and the treatment services." 42 C.F.R. 2.64(d)(1)-(2).  The regulations also provide that the order must "limit disclosure to those parts of the patients record which are essential to fulfill the objective of the order . . . [and] limit disclosure to those persons whose need for information is the basis of the order.  42 C.F.R. 2.64(e)(1)-(2).  Finally, the order must "[i]nclude such other measures as are necessary to limit disclosure for the protection of the patient, the physician-patient relationship and the treatment services."  42 C.F.R. 2.64(e)(3).

## IV.   **Analysis**

The Court first turns to the authorization dated February 18, 2006 signed by Mancuso and concludes that the authorization properly followed the format required by 42 C.F.R. § 2.31. *See* Pl.'s Ex. 4.  Thus, according to the regulations, the Montgomery Drug Court (or, "the program"), is authorized to disclose the records to the individuals named in the authorization. *See* 42 C.F.R. § 2.33.

4

According to Mancuso, however, the County Attorney for Montgomery County refuses to provide the access to the records or the personnel for depositions.

Thus, Mancuso seeks an order from this Court authorizing the depositions of Smith, Arnold, and Gutierrez. Mancuso, therefore, must therefore provide this Court with good cause.

In support of a showing of good cause, Mancuso alleges the depositions are necessary because their testimony will rebut DRD's defense that Mancuso may have said that he could not pass a drug test.[2] Mancuso further alleges that the witnesses will substantiate and corroborate his own testimony that his substance abuse problem was in remission. DRD does not dispute that good cause exists. However, this does not address the regulatory requirements of good cause set forth in 42 C.F.R. § 2.64(d). Thus, the Court will conduct its own analysis of the good cause requirements.

In this case, the County Attorney refused to allow Mancuso to depose the witnesses without a court order. Accordingly, "other ways of obtaining the information are not available or would not be effective." Thus, Mancuso satisfies the first prong required to show good cause. *See* 42 C.F.R. § 2.64(d)(1).

Mancuso must also show that the "the public interest and need for the disclosure outweigh the potential injury to the patient, the physician-patient relationship and the treatment services." 42 C.F.R. § 2.64(d)(2). In this case, there can be no potential injury to the patient or the physician-patient relationship because the patient himself seeks disclosure.

Further, as other courts have noted, "it is the very nature of the treatment centers' staunch and protective stand with regard to their patients' privacy that encourages some in more troubled populations-'populations who have been traditionally suspicious of government programs, medical

---

[2] Apparently the parties are contesting whether or not Mancuso stated that he could not pass a drug test.

services and other institutions'-to seek the help they need." *U.S. v. Hughes*, 95 F.Supp.2d 49, 60 (D. Mass. 2000) (citing Testimony of the Legal Action Center before the Subcommittee of the Committee on Government Operations on the H.R.4077, The Fair Health Information Practices Act of 1994 (May 5, 1994), 1994 WL 232739 (F.D.C.H.) (testifying to the reasons for and effectiveness of the confidentiality provisions in 42 C.F.R. Part 2). Once again, it is the patient himself seeking the treatment center's disclosure, ostensibly to protect his rights and further his litigation. Thus, this Court concludes that Mancuso satisfied the second prong of the good cause requirement, and successfully made a showing of good cause.

However, a showing of good cause does not compel disclosure, it only provides sufficient evidence to authorize disclosure. "A subpoena or a similar legal mandate must be issued in order to compel disclosure." 42 C.F.R. § 2.61  Thus, once the Court authorizes disclosure and a proper subpoena is issued, disclosure is compelled.

Accordingly,

**IT IS ORDERED** that **Motion for Court Ordered Depositions of Mr. Russell E. Smith, Jr., Ms. Christen Arnold and Agustin Gutierrez, M.A., L.P.C. (doc # 73) is GRANTED** to the extent that it seek Court authorization for disclosure.

**IT IS FURTHER ORDERED** that such disclosure is limited to J. Mac Morgan, Rex Townsley, and David Flotte, as outlined in Mancuso's consent form a copy of which is attached to this Order.

New Orleans, Louisiana, this 13 day of March 2006

KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE

6

## 42 C.F.R. § 2.31 AUTHORIZATION FOR THE DISCLOSURE
## OF CONFIDENTIAL SUBSTANCE ABUSE TREATMENT INFORMATION[1]

1.     I, Brent Mancuso, Request and Authorize:

2.     Mr. Russell E. Smith, Jr., Ms. Christen Arnold and Agustin Gutierrez, M.A., L.P.C. and the Montgomery County Drug Court Program,

3.     To disclose: All of my Montgomery County Drug Court Program records and information and to give depositions in my lawsuit entitled: <u>Brent Mancuso v. D.R.D. Towing Company, L.L.C. and M/V Stacey B, L.L.C.</u>, United States District Court for the Eastern District of Louisiana, Docket No. 05-2441, Section J, Magistrate 4,

4.     To: J. Mac Morgan and Rex Townsley, my attorneys in my aforesaid lawsuit; and, to David Flotte, the defendants' attorney in my aforesaid lawsuit,

5.     For the purpose of the prosecution of my aforesaid lawsuit.

6.     Dated: *February 18*_____, 2006.

7.     Patient's Signature: *David L. Mancuso*_____

8.     This consent is subject to revocation at any time except to the extent that the program which is to make the disclosure has already taken action in reliance on it.  If not previously revoked, this consent will terminate upon: the *18th* day of *February*_____, 20*07*.



---

[1]A copy of 42 C.F.R § 2.31 is attached to this written authorization.